UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| WILLIE E. BOYD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 15-004-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

*Pro se* Petitioner Willie E. Boyd is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Boyd has filed two petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record Nos. 1 and 5] Boyd has also moved to sever his second habeas Petition [Record No. 5], requesting that it be filed as a new, separate petition under 28 U.S.C. § 2241. [Record No. 8] However, § 2241 is not the proper avenue for obtaining the relief Boyd seeks. As a result, the petition as amended and supplemented [Record Nos. 1, 3, 5, and 10] will be denied.

On August 7, 1997, Boyd was charged in a four-count indictment with possessing with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)( c), being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and false representation of a Social Security number in violation of 42 U.S.C. § 408(a)(7). *See United States v. Willie E. Boyd*, No. 4:97-cr-301 (E.D. Mo. 1996). [Record No. 1 therein][1]

---

[1] Due to the age of this criminal case, this Court cannot obtain complete information about Boyd's criminal conviction and sentence because it pre-dates the federal court system's online PACER database.

-3-

Subsequently, a superseding indictment was returned against Boyd with additional charges concerning reports on domestic coins and currency transactions in violation of 31 U.S.C. §§ 5313, 5324, and criminal forfeiture in violation of 18 U.S.C. § 982(a)(1). [*Id.*, at Record No. 38 therein] Boyd waived his right to a jury and elected to proceed with a bench trial. On April 16, 1998, he was found guilty of nine of the ten counts of the superseding indictment. Boyd received a 276-month sentence of imprisonment, followed by a six-year term of supervised release. [*Id.*, at Record No. 111 therein] The United States Court of Appeals for the Eighth Circuit affirmed the conviction and sentence. *United States v. Boyd*, 180 F.3d 967 (8th Cir. 1999).

Subsequently, on June 15, 2000, Boyd filed a motion to vacate his sentence under 28 U.S.C. § 2255. *See Willie E. Boyd v. United States*, No. 4:00-cv-985 (E.D. Mo. 2000). The trial court denied Boyd's § 2255 motion and declined reconsideration. [*Id.*, at Record Nos. 15, 24 therein] Boyd appealed, but the Eighth Circuit denied his motion for a Certificate of Appealability. [*Id.*, at Record No. 28 therein] On January 6, 2015, Boyd filed the current petition with this Court. [Record No. 1]

The Court conducts an initial review of habeas petitions according to 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the [filing] and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District

---

The PACER Case Locator is a national index for U.S. district, bankruptcy, and appellate courts. *See* http://pcl.uscourts.gov/search.

Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Boyd's petition as amended and supplemented [Record Nos. 3, 5 10] under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court accepts Boyd's factual allegations as true and construes all legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Section 2241 is not the proper mechanism for the relief Boyd seeks. As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the *execution* of his sentence, *i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The United States Court of Appeals for the Sixth Circuit has explained the difference between the two statutes.

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). Therefore, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence. The "savings clause" of § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner is permitted to challenge the legality of his conviction through a § 2241 petition if the remedy under § 2255 "is inadequate or

-3-

ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply if a prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756.

A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a defendant may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756. The savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their convictions, not their sentences. *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013); *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241.").

In the present § 2241 petition, Boyd claims that his conviction in Missouri for armed robbery in 1967 did not qualify as a predicate offense on which his sentence could be enhanced under the Armed Career Criminal Act ("ACCA") because his civil rights had been restored by an act of dispensation by the state of Missouri after his release from incarceration. [Record No. 1, p. 7] Thus, Boyd appears to argue that the trial court erred in enhancing his sentence because he is "actually innocent" of being an Armed Career Criminal, entitling him to proceed under §

2241 because his remedy under § 2255 is inadequate or ineffective to test the legality of his detention.

In support, Boyd relies on *Logan v. United States*, 552 U.S. 23 (2007), and *Persaud v. United States*, 134 S.Ct. 1023 (2014). In *Logan*, the defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). 552 U.S. at 23. Under federal law, if the offender's prior criminal record includes at least three convictions for "violent felon[ies,]" the ACCA mandates a minimum term of fifteen years imprisonment. *See* 18 U.S.C. § 924(e) (1). Congress defined the term "violent felony" to include specified crimes "punishable by imprisonment for a term exceeding one year," but also provided that a state-law misdemeanor may qualify as a "violent felony" if the offense is punishable by a term of more than two years. *See* 18 U.S.C. §§ 924(e)(2)(B), 921(a)(20)(B). Based on Logan's criminal record, which included three relevant state convictions, the district court imposed the minimum fifteen-year prison sentence. 18 U.S.C. § 924(e)(1) (2000 ed., Supp. V). Congress amended § 921(a)(20) in 1986 to exclude from qualification for enhanced sentencing "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights [*i.e.*, rights to vote, hold office, and serve on a jury] restored." The Supreme Court in *Logan* held that the exemption contained in § 921(a)(20) does not cover the case of an offender who retained civil rights at all times, and whose legal status, post-conviction, remained in all respects unaltered by any state dispensation. *Logan,* 552 U.S. at 29-37.

In light of *Logan*, Boyd argues that his "1967-Missouri conviction for armed robbery did not qualify as a 'conviction' as a 'violent felony'" because "the Petitioner was 'restored'

-5-

automatically to full citizenship with the right to vote, to serve on any jury, and to hold public office, after his release from incarceration." [Record No. 1, p. 7] However, even assuming that Boyd's civil rights had been both lost and later restored by the state of Missouri, the Supreme Court made no pronouncement that its holding in *Logan* applies retroactively to cases on collateral review. *See Townsend*, 83 F. App'x at 729. Thus, the holding in *Logan* is of no benefit to Boyd in this instance.

Boyd also relies on *Persaud* to support his argument. In *Persaud*, the trial court denied the petitioner's § 2241 petition, holding that the savings clause of § 2255(e) did not permit relief under § 2241 purely because he had challenged his sentence rather than his conviction. The United States Court of Appeals for the Fourth Circuit affirmed. Persaud then filed a petition for a writ of certiorari with the Supreme Court. The government filed a brief in support of Persaud's petition, agreeing that the district court had erred in concluding that § 2255(e)'s savings clause does not permit him to seek relief under § 2241 simply because he was challenging his sentence. Expressing no view on the merits, the Supreme Court vacated the judgment and remanded the case to the Fourth Circuit "for further consideration in light of the position asserted by the Solicitor General." *Persaud*, 134 S.Ct. 1023. In turn, the Fourth Circuit remanded the case to the district court for further proceedings. *United States v. Persaud*, No. 12-8068 (4th Cir. May 7, 2014). The case remains pending before the district court. *See United States v. Persaud*, No. 3:01-cr-036-FDW (W.D.N.C. 2001). [D.E. No. 350 therein] The Supreme Court's order in *Persaud* is one paragraph long and does not address the merits of parties' arguments. Because neither the Supreme Court's limited ruling on the petition for

certiorari in *Persaud* nor the issue pending before the United States District Court for the Western District of North Carolina changes the state of existing Sixth Circuit precedent, Boyd fails to show that this Court should now consider his challenges to his conviction or his sentences by way of a § 2241 petition.

Finally, Boyd relies on *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), in support of his request for relief. [Record No. 5] In *McQuiggin*, the Supreme Court held that if a petitioner makes a "convincing showing of actual innocence" – evidence indicating that the petitioner did not actually commit the crime for which he was convicted – then he may overcome a procedural bar to consideration of his constitutional claim on the merits. *McQuiggin*, 133 S. Ct. at 1931-33. *McQuiggin* concerns a defendant's actual innocence of the underlying offense of which he was convicted. In the present case, Boyd does not claim innocence of the underlying offenses on which he was convicted in 1997. Instead, he claims that he was incorrectly classified as an Armed Career Criminal for sentencing-enhancement purposes under the ACCA. In other words, he has not alleged that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139, at *3 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Nothing in *McQuiggin* decriminalizes the conduct for which Boyd was convicted, and claims of sentencing error may not serve as the basis for an actual innocence claim under § 2241. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003). Thus, *McQuiggin* provides no support for Boyd's position.

In summary, Boyd has failed to demonstrate that he is entitled to proceed under § 2241, and the Court will dismiss his petition. Accordingly, it is hereby

**ORDERED** as follows:

1. Petitioner Willie E. Boyd's motion for clarification, to correct a docketing error, and to sever the habeas petition docketed as an Amended Petition [Record No. 5] and file it as a new, separate habeas petition under 28 U.S.C. § 2241 [Record No. 8] is **DENIED**.

2. Boyd's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1], as amended [Record No. 5] and supplemented [Record Nos. 3, 10], is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Respondent United States.

This 3rd day of June, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge